United States District Court
Southern District of Texas
**ENTERED**
June 30, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CARLOS GALLEGOS, | § | |
| | § | |
| Petitioner/Defendant, | § | |
| | § | CIVIL ACTION NO. H-16-1901 |
| v. | § | (Criminal No. H-05-478-02) |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent/Plaintiff. | § | |

## MEMORANDUM OPINION AND ORDER

Defendant, Carlos Gallegos, has filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody ("§ 2255 Motion") (Docket Entry No. 276).

The court has carefully reviewed Gallegos' motion as required by Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts and concludes that a response to his motion is not required.

On July 26, 2006, Gallegos pleaded guilty to conspiracy to commit hostage taking in violation of 18 U.S.C. § 1203(a). On January 12, 2007, the court sentenced Gallegos to 324 months in prison (Judgment in a Criminal Case, Docket Entry No. 201). The United States Court of Appeals for the Fifth Circuit affirmed his conviction on June 6, 2008 (Docket Entry No. 250). On January 15, 2009, Gallegos filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody (Docket

Entry No. 252). On April 8, 2009, the court entered an Order dismissing without prejudice the § 2255 Motion (Docket Entry No. 261). Gallegos then filed an amended § 2255 Motion (Docket Entry No. 264-1), which the court denied on July 20, 2010 (Docket Entry No. 272).

In his pending § 2255 Motion Gallegos argues that he is entitled to relief because of the retroactive effect of Johnson v. United States, 135 S. Ct. 2551 (2015). In Johnson the Court held that the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B)(ii), for purposes of sentence enhancement for a felon's possession of a firearm was unconstitutionally vague. In Welch v. United States, 136 S. Ct. 1257 (2016), the Court held that its decision in Johnson announced a substantive rule that applied retroactively on collateral review.

In his § 2255 Motion Gallegos alleges "Johnson/Welch decision which could affect petitioner." (§ 2255 Motion, Docket Entry No. 276, p. 4) Gallegos' sentence was not based on the ACCA or on 18 U.S.C. § 16, and neither the ACCA nor 18 U.S.C. § 16 affected his advisory sentencing guideline range. Nor was his sentencing guideline range affected by any provision of the sentencing guidelines that used the term "crime of violence." Gallegos is therefore not entitled to relief based on Johnson.

28 U.S.C. § 2255(h) states:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—

>   (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
>   (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

This provision and 28 U.S.C. § 2244(b)(3)(A) act as a jurisdictional bar to a district court's consideration of a successive habeas petition until the court of appeals has authorized the district court to consider it. For the reasons explained above, § 2255(h)(2) does not apply. Because Gallegos' § 2255 Motion is successive and he has not obtained authorization from the United States Court of Appeals for this court to consider it, his Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody (Docket Entry No. 276) is **DISMISSED**.

The Clerk of Court is **ORDERED** to provide a copy of this Memorandum Opinion and Order to Gallegos and to the United States Attorney for the Southern District of Texas, and to file a copy of this Memorandum Opinion and Order in the corresponding civil action.

**SIGNED** at Houston, Texas, on this the 30th day of June, 2016.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE